IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ENTERED
LODGED
RECEIVED

JUL 1 4 2000

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

DEPUTY

HILDA MURPHY          :

                      :

    v.                :

                      :    CIVIL NO. L-98-962

STUART SIMMS, et al.  :

## MEMORANDUM

Before the Court is the partial Motion to Dismiss and Motion

for Protective Order filed by the defendants State of Maryland,

State Department of Public Safety and Correctional Services

(DPSCS), Stuart Simms, William Sondervan, Richard Lanham, Frank

Sizer, Sewall Smith, Mitchell Franks, and Eugene Nuth (the "state

defendants"[1]).  This case concerns sexual harassment allegedly

suffered by the plaintiff, Hilda Murphy, during her employment as

a guard at DPSCS.  The essential factual allegations of Ms.

Murphy's claims were outlined in this Court's Memorandum and

Order of February 5, 1999, and will not be repeated here.

On January 6, 2000, the Court (Chief Judge Motz) granted the

plaintiff leave to amended her complaint.  The state defendants

answered the complaint in part and moved to dismiss in part.  For

the following reasons, the Court will, by separate Order, GRANT

---

[1]Defendant Gary Logan is not a party to this motion.



the defendants' motion to dismiss and DENY AS MOOT the Motion for
a Protective Order.

## I.  Legal Standard

Ordinarily, a Complaint should not be dismissed for failure
to state a claim under Federal Rule of Civil Procedure 12(b)(6)
unless it appears beyond all doubt that the plaintiff can prove
no set of facts in support of his claim that entitle him to
relief.   See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram
v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).   The liberal pleading
requirements of Rule 8(a) demand only a "short and plain"
statement of the claim.   In evaluating such a claim, the Court
must accept as true all well-pleaded allegations of fact and view
them in the light most favorable to the plaintiff.   See Jenkins
v. McKeithen, 395 U.S. 411, 421-22 (1969).

## II.  Analysis

### A.  Counts One, Two and Three

Counts I, II, and III of the amended complaint charge the
defendants with sexual harassment and retaliation in violation of
Title VII.   Defendants Simms, Lanham, Sondervan, Sizer, Smith,
Franks, and Nuth have moved to dismiss these three counts against
them, asserting that they cannot be liable for Title VII
violations under Lissau v. Southern Food Service, Inc, 159 F.3d

2

177 (4th Cir. 1998). Plaintiff disagrees, arguing that (i) at
least some of the defendants must have approved of defendant
Logan's harassment of the plaintiff, thus rendering their actions
"delegable," and making the defendants individually liable, and
(ii) alternatively, the defendants are being sued in their
official, rather than individual capacities.

The Court finds the plaintiff's first theory without merit.
Lissau holds unambiguously that "supervisors are not liable in
their individual capacities for Title VII violations." 159 F.3d
at 181. All individual defendants must therefore be dismissed in
their individual capacities.

Lissau did not address the question of proceeding against
individuals under Title VII in their official capacities. The
Fourth Circuit has, however, assumed that such an action is
possible. See Causey v. Balog, 162 F.3d 795, 801 n.1 (4th Cir.
1998) (citing Alvarado v. Board of Trustees, 848 F.2d 457, 460-61
(4th Cir. 1988)). Actions against individuals in their official
capacities are normally permitted when the actual employing
entity is immune from suit, and a suit against the individual is
equivalent to the suit against the entity. See, e.g., Alvarado,
848 F.2d at 460-61.

3

In the instant case, the State and DPSCS are not moving to dismiss Counts I, II and III against them. There is therefore no need to proceed against any of the individual defendants in their official capacities. Counts I, II, and III will be dismissed against Defendants Simms, Sondervan, Smith, Lanham, Sizer, Franks, and Nuth.

## B. Count Four

Count IV alleges that Defendants Lanham, Smith, Sondervan, Franks, Sizer, and Nuth infringed upon the plaintiff's constitutional rights in violation of 42 U.S.C. § 1983. Murphy argues that Logan remained in a supervisory position over Murphy until early December 1997, despite DPSCS's ongoing investigation of Murphy's sexual harassment complaint against Logan filed in September 1997. During the period from September to December, Logan allegedly retaliated against Murphy for having filed a complaint against him. According to Murphy, the state defendants are therefore liable for violating § 1983 in a supervisory capacity by leaving Logan, who allegedly had a history of sexually harassing his subordinates, in a supervisory position during the pendency of the investigation.

In order to establish supervisory liability under § 1983, a plaintiff must show (i) that the supervisor had actual or

4

constructive knowledge that his subordinate was engaged in
conduct that posed a pervasive and unreasonable risk of
constitutional injury, (ii) that the supervisor's response showed
deliberate indifference to, or tacit authorization of, the
alleged offensive practices, and (iii) that there was an
affirmative causal link between the supervisor's inaction and the
constitutional injury.  See Shaw v. Stroud, 13 F.3d 791, 799 (4th
Cir. 1994).

    The behavior of the state defendants alleged by Murphy
cannot rise to the level of "deliberate indifference."  Murphy
admits that the defendants launched an investigation of Logan
promptly upon receipt of her complaint, and that they launched a
second investigation upon receipt of her complaint of
retaliation.  Both of these investigations resulted in
disciplinary actions against Logan, the second of which was his
dismissal.  Because the facts as alleged in the amended complaint
cannot establish deliberate indifference to Murphy's plight, the
Court will dismiss Count IV of the amended complaint against the
state defendants.  Cf. Carter v. Morris, 164 F.3d 215, 220 (4th
Cir. 1999) ("When a supervisor investigates a claim of improper
... conduct and suspends the offending officer, it simply cannot

5

be said that he is indifferent to the risk of the underlying constitutional violation.")

## C. Count Five

Count V alleges that the defendants discriminated against Murphy on the basis of race in violation of 42 U.S.C. § 1981. In order to make a prima facie case under § 1981, a plaintiff must establish the familiar McDonnell Douglas elements: (i) she was a member of a protected class, (ii) her job performance was satisfactory, (iii) she was subject to an adverse employment action, and (iv) similarly situated employees outside of her class received more favorable treatment. See Gairola v. Virginia Dep't of General Servs., 753 F.2d 1281, 1285 (4th Cir. 1985) (noting standards for a prima facie case under § 1981 are the same as under Title VII). The crux of Murphy's § 1981 claim charges that the defendants have a custom of disregarding the constitutional rights of African American female correctional officers at MCI-J, which in turn created the atmosphere that permitted Logan's alleged harassment of Murphy.

Murphy fails to state a claim under § 1981 because her complaint does not contain any allegations that white female correctional officers were treated any differently that were African American female officers. Although the complaint does

6

state a claim for sex discrimination, § 1981 does not provide

relief for victims of discrimination based on sex.  See Runyon v.

McCrary, 427 U.S. 160, 167 (1976).  Count V will therefore be

dismissed.

**D.  Count Six**

Count VI charges the individual state defendants with

negligence in failing to train and supervise Logan adequately.

The defendants argue that the individual state defendants are

immune from state tort liability under Md. Code Ann. Cts. & Jud.

Proc. § 5-522(b), which provides state officials with immunity in

the absence of malice or gross negligence.  Defendants also argue

that if Murphy is pressing Count VI against the State and DPSCS,

these two parties are immune under the Eleventh Amendment.

Murphy concedes that § 5-522(b) does provide immunity to the

individual defendants for simple negligence.  She argues,

however, that she should be allowed to prove gross negligence,

and thus overcome §5-522(b) immunity.  The Court disagrees on two

grounds: (i) the complaint as pleaded does not contain any

allegations of malice or gross negligence, and (ii) the factual

allegations contained in the complaint against the individual

state defendants concerning their monitoring of Logan do not rise

7

to the level of malice or gross negligence.[2]  The Court will
therefore dismiss Count VI against the individual defendants.

If Murphy is pressing Count VI against the State and DPSCS,
the claim will be dismissed under the Eleventh Amendment.

## E.  Motion for Protective Order

Defendants Simms, Sondervan, Lanham, Sizer, Smith, Franks,
and Nuth have moved for a protective order.  They seek to extend
time to answer discovery requests propounded on them until after
the Court has ruled on their motion to dismiss.  Because the
Court is granting the motion to dismiss, the motion for a
protective order is now moot.  Defendants Simms, Sondervan,
Lanham, Sizer, Smith, Franks, and Nuth will be expected to
respond to any discovery requests pertaining to the liability of
the State of Maryland, DPSCS, or Defendant Logan.

## III.  Conclusion

For the reasons stated above, this Court shall, by separate
Order, GRANT the defendants' Motion to Dismiss.  Counts I, II,
and III are DISMISSED against Defendants Simms, Sondervan, Smith,
Lanham, Sizer, Franks, and Nuth.  Count IV is dismissed against

---

[2]As noted above, Murphy admits that the state defendants
investigated both of her complaints against Logan and took
disciplinary action against him as a result.

8

the state defendants.   Counts V and VI are dismissed in their

entirety.   The Motion for a Protective Order is DENIED AS MOOT.

Dated this 14 day of July, 2000.

_____

Benson Everett Legg
United States District Judge